No. 641

DAVIES et v. ZIEGLER et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1562. Decided May 25, 1925

1053. ROADS & HIGHWAYS—1. In order to procure vacation of portion of highway, twelve freeholders must reside in the vicinity of the proposed improvement.

2. Petitioner residing two and one-half to four miles distant, not eligible.

RICHARDS, J.

This original action was brought in the Lucas Common Pleas by Joseph Ziegler and others against Roy Davis and others as the Board of County Commissioners for the purpose of securing a mandatory injunction requiring the removal of obstructions from a certain highway, and to have the resolution adopted by the Board, vacating said highway declared null and void. The Common Pleas rendered a judgment and decree in favor of Ziegler granting the relief asked. Error was prosecuted to the Court of Appeals.

The record showed that sixteen persons had signed a petition which was filed with the Board of Commissioners, asking that a portion of the said highway be vacated, said petition being granted after a hearing thereof. Notice of the filing of this petition was given by publication. Ziegler and others are owners of land in the vicinity of the highway and they declared that this road had been a public highway for more than 40 years; that said vacation would result in the depreciation of their property 40 percent of the present value. It was further contended that no petition signed by at least 12 freeholders, residing in the vicinity of that portion of the highway of which vacation was requested, was filed. The Court of Appeals held:

1. Section 6862 GC. provides that an application to vacate a public road shall be made by petition to the county commissioners signed by at least 12 freeholders, residing in the vicinity of the proposed improvement.

2. Without such compliance the Board of Commissioners is powerless to act.

3. Evidence shows that of the sixteen who signed, two were corporations, one resided a distance of eight miles from the improvement, six resided in Toledo, a distance varying from two and a half to four miles from the improvement.

4. These petitioners could not be considered as "residing in the vicinity of the proposed improvement."

5. The record discloses the land owned by

Continued on Page 454

## FEDERAL OPINIONS
### Epitomized Cases

No. 642

ALDRICH v. ERIE RD. CO.

U. S. Appeals, 6th Circuit

No. 4042. Decided Nov. 10, 1924

465. ERROR—Party may not allege, in the withdrawal of a question from jury, where his own testimony, not claimed to have been mistaken, rendered such question immaterial.

225. CHARGE TO JURY—Not erroneous, where, taken from contract, it was to be found that, company's failure to perform its duty in one or more of the respects accepted, caused the explosion.

MACK, C. J.

Edson Aldrich was an engineer for the Erie Railroad Co. and brought an action against the company in the Dist. Court of the U. S. for the East. Div. of the Northern Dist. of Ohio, for damages for injuries sustained by reason of an explosion of a boiler in a locomotive which Aldrich was operating. The action was based on the alleged failure of the company to comply with the provisions of the safety Appliance Act and Federal Boiler Inspection Act, and to make proper, sufficient, and timely inspection.

It seems that both Aldrich and his fireman testified that gaskets had rotted and crumbled away, and if there had been timely inspection the accident would never have occurred. Witnesses for the company testified that the gaskets were inspected after the explosion and were found to be in good condition.

It was shown that if there was not sufficient water in the boiler, dry heat would melt or fuse a metal disc so that the water and steam could be enabled to run into the fire box causing noise and smoke to attract attention. The operators of the locomotive testified that they heard or saw nothing to indicate that the disc had fused. Inspectors for the company testified that inspection of the explosion showed that said disc must have fused properly. The jury rendered a verdict for the company.

Error was prosecuted and Aldrich claimed that error existed in the trial below because of the fact that the trial judge withdrew from consideration of the jury any question of a defective water gauge, for the reason that the evidence failed to show any causal connection between the alleged defective condition of the gauge and the explosion. Error was also alleged in the lower court withdrawing the question of inspection from the jury. The court held:

1. As shown by the testimony, if tests were made with the water cocks less than a half minute before the explosion, it is difficult to see that the presence or absence of the water-glass, could have any causal connection with the explosion or the injuries of Aldrich resulting therefrom.

2. Inspection was not a real issue in the case. The company's duty could not have been satisfied by proper inspection. It was higher. Under the Safety Appliance Act it was to furnish safe appliances, and the trial judge so charged.

3. No error in the instruction that the jury must determine from the evidence what was the cause of the explosion. In the context the charge means that, before holding the company liable the jury must find, the explosion due, in whole or in part, to the company's failure, in one or more of the matters alleged to perform its duty.

4. No error in the refusal of court to give instructions requested by Aldrich. Judgment affirmed.

Attorneys—Anderson, Lamb & Jenkins, Youngstown, for Aldrich; Cook, McGowan, Bushnell & Burgess, Cleveland, for Company.

No. 643

In Re WEICK

In Re JONES

Appeals, 6th U. S. Circuit

723. LIFE INSURANCE—Endowment policy, payable to bankrupt's beneficiary, although she is his wife—Exempt from claims of creditors.

DONAHUE, CIR. J.

Epitomized Opinion

Published only in Ohio Law Abstract

Paul Weick, Trustee in bankruptcy for Morton Jones, brought an action to attach the insurance on two life insurance policies wherein Jones' wife was named as beneficiary. The District Court held the policies under which the bankrupt's wife was beneficiary, were exempt. Error was prosecuted to the Circuit Court of Appeals. Weick claimed that Jones, the insured, could change the beneficiary without the consent of the present beneficiary. The Court of Appeals held:

According to 9394 GC the policies shall be clear and free from all claims of the creditors of such insured person, and the proceeds or avails of all such life insurance shall be exempt from any debt or debts of such insured persons. Judgment affirmed.

Attorneys — Waters, Andres, Southworth, Wise & Maxon and Commins, Brouse, Englebeck & McDowell, for Weick; Merle E. Rudy, for Jones; all of Akron.

## SUPERIOR COURT

No. 644

BRADY, Admr. v. TUCKER

Superior Court of Cincinnati

No. 59046. Decided May 29, 1925

1106. STATUTE OF FRAUDS—Letter repudiating previous oral agreement may be used as a memorandum in writing to satisfy statute of Frauds when written repudiation acknowledges and admits the existence and correctness of the previous oral agreement.

MARX, J.

Ben Brady, administrator of the estate of Jacob Brady, deceased, brought an action in the Cincinnati Superior Court against Lawrence Tucker. Brady claimed that Tucker verbally agreed to buy the holdings of his deceased son in the Brady Coal Co., to discharge the estate of decedent from any liability to said company, and to pay therefor $4237.59.

The verbal agreement was reduced to writing and entitled "Memorandum of Agreement". This memorandum was then mailed to Tucker without being signed by either party and without comment. Shortly after its receipt, Tucker wrote a letter to Brady's attorney refusing to sign the agreement. Brady claimed that this signed letter repudiating a previous oral agreement may be used as a memorandum in writing to satisfy the Statute of Frauds. The Court held:

1. Requirement of a "note or memorandum" is satisfied by a letter in which the writer after stating the bargain, repudiates it or refuses to enter into a written contract. But this is only true when written repudiation, acknowledges or admits existence and correctness of a previous oral agreement.

2. The acknowledgment of receipt of the communication embodying the terms of the agreement for the proposed purchase, sufficiently identifies the agreement referred to as the unsigned memorandum of agreement.

3. Nowhere does this letter contain acknowledgment that said memorandum correctly states terms of a completed contract. Use of words "proposed purchase" in Tucker's letter indicate that no agreement had been reached.

4. There must be an admission of the making of the contract; and of the terms thereof, in the writing repudiating the contract before it can be held a sufficient memorandum.

Action of this court in directing a verdict in favor of Tucker is correct, and motion for a new trial is overruled.

Attorneys—Leonard H. Freiberg for Brady; S. K. Ducker & August A. Rendigs, Jr., for Tucker; all of Cincinnati.

No. 645

KIRK v. CINCINNATI

No. 59070. Cincinnati Superior Court

Decided April 25, 1925

1049. RIPARIAN RIGHTS—1. Are property which pass with the sale of land?

2. Contributory pollution may be set up as defense in mitigation of damages.

3. Where several cities contribute to pollution each is liable for the proportionate amount of damage caused by its own acts.

4. Lower riparian owner not barred from right to maintain action when shown that he purchased his property through which stream runs, subsequent to dumping sewage by city.

MARX, J.

Theodore and Margaret Kirk brought this action in the Cincinnati Superior Court for damages and injunction against the city of Cincinnati by reason of its dumping sewage into Muddy Creek, a stream which passed through Kirk's farm situated below Cincinnati. Kirk claimed that no consent or rights were acquired from property owners along said stream authorizing its pollution.

The city in defense set up that Kirk had acquired his farm subsequent to the disposition of the sewage by the city, by dumping it into Muddy Creek; that it is not liable for its acts and that Kirk and others contributed to the pollution complained of. Kirk sued for $7000 and an injunction enjoining the city from continuing the nuisance. A verdict was returned in Kirk's favor for $5000, and an injunction was granted to restrain the city from continuing to dump sewage in Muddy Creek to the damage of lower riparian owners; a further hearing to be held as to the injunction to determine the time within which and the conditions upon which the injunction is to be made effective. In overruling a motion for a new trial the Superior Court said:

1. Pollution contributed by a lower riparian owner to a stream previously polluted by acts of others above him is not a complete defense unless such pollution amounts to the cause of condition complained of, but contributory pollution may be considered in mitigation.

2. Where several municipalities contribute to pollution each is liable for proportionate amount of damage caused by its own acts.

3. Riparian rights are property which pass with the land and the fact that a lower riparian owner, damaged by pollution of the stream, acquired his property after the creation of the nuisance complained of does not bar his right to maintain an action for damages, and for injunction to abate a continuance of such nuisance.

(Continued on page 454)

# STATE SUPREME COURT
### NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### NEW CASES DOCKETED

Albert v. Gus Juengling & Sons Co..... 19258
Brady et v. Stafford ................. 19268
Brewer v. Dirion .................... 19270
Butchers Work. Union v. Gus Juengling
   & Sons .................... 19259, 19260
Cannava v. Drees .................... 19262
Cincinnati Tract. Co. v. Pub. Util. Com.. 19263
Cincinnati (City) v. Pub. Util. Comm.... 19265
Davis, Agt. v. Hussey ............... 19257
Donofrio v. Vespo ................... 19266
Frances Willard Candy Co. v. Jones.... 19269
Krieger v. Skalski ....:............ 19256
Remhart v. Gt. Amer. Mut. Ind. Co.... 19264
State ex v. Justice .................. 19261

### JULY 13, 1925

19256—Anthony Krieger v. Virginia Skalski, admr; motion for Lucas Appeals to certify. J. A. Robie and Mulholland & Hartmann, Toledo, for pltf; Eva E. Shaw and J. P. Manton, Toledo, for deft.

19257—James C. Davis, Agent, v. John Hussey; motion for Hamilton Appeals to certify. Harmon, Colston, Goldsmith & Hoadley and B. S. Oppenheimer, Cincinnati, for pltf; John C. Herman and Patrick Kilgarriff, Cincinnati, for deft.

19258—Edward Albert v. Gus Juengling & Sons Co.; motion for Hamilton Appeals to certify. Nichols, Morrill, Stewart & Guitner, Cincinnati, for pltf; Clark & McCauley and Burton E. Robinson, Cincinnati, for deft.

19259—Butchers Workmen's Union No. 610 v. Gus Juengling & Son Co.; motion for Hamilton Appeals to certify. Attorneys same as in No. 19258.

19260—Butcher Workmen's Union Local No. 232 v. Gus Juengling & Son Co.; motion for Hamilton Appeals to certify. Attorneys same as in No. 19258.

19261—State of Ohio ex rel B. A. Carmody v. Chas. L. Justice; action in prohibition. D. J. Brophy and Vickery & Vickery, Cleveland, for pltf., not given.

19262—Sebastian Cannava v. B. R. Drees; motion for Hamilton Appeals to certify. Wm. R. Collins, Cincinnati, for pltf; Carl Lehman and Albert H. Leeker, Cincinnati, for deft.

19263—Cincinnati Traction Co. v. Public Utilities Commission of Ohio; error to the Public Utilities Commission of Ohio. Chas. F. Dolle and Ernst, Cassatt & Cottle, Cincinnati, for pltf; C. C. Crabbe and John W. Bricker, Columbus, for deft.

### JULY 14, 1925

19264—Morgan A. Remhart, a minor, v. Great American Mutual Indemnity Co.; motion to certify, Hamilton Appeals. E. M. Ballard, A. J. Cunningham, Cincinnati, for pltf; C. H. Workman, Mansfield; W. W. Symmes, Cincinnati, for deft.

19265—City of Cincinnati v. Public Utilities Commission of Ohio; error to the Public Utilities Commission. F. K. Bowman, L. L. Forchheimer, Cincinnati, for pltf; C. C. Crabbe, J. W. Bricker, Columbus, for deft.

### JULY 15, 1925

19266—Dominic Donofrio v. Mike Vespo; motion for Summit Appeals to certify. Grant, Thomas & Buckingham, Akron, for pltf; E. G. Hammond, Akron, for deft.

### JULY 16, 1925

19268—Benjamin F. Brady et al v. Homer I. N. Stafford, receiver; motion to certify, Tuscarawas Appeals. Mitchell & Mitchell, New Philadelphia, for pltf; H. I. N. Stafford, R. N. Wilkin, New Philadelphia, for deft.

19269—Frances Willard Candy Co. v. John H. Jones; motion to certify, Franklin Appeals. Watson, Davis & Joseph, Columbus, for pltf; for deft., not given.

19270—Nelson J. Brewer, admr., v. Josephine Dirion; motion for Cuyahoga Appeals to certify. White, Hammond, Brewer & Curtiss, and Maurice Bernon, Cleveland, for pltf; Payer, Winch, Minshall & Karch, Cleveland, for deft.

## Weekly Abstract of
## PENDING CASES

### No. 646

N. Y. C. & St. L. R. CO. v. BIERMACHER
#### No. 19190. Supreme Court

On motion to certify. Dock. June 9, 1925; 3 Abs. 377.

PERSONAL INJURIES—1. Is assumption of risk a bar to an action governed by Federal Employer's Liability Act?

2. Does mere averment of a legal conclusion in petition, call for responsive pleading?

Christian Biermacher brought an action in the Cuyahoga Common Pleas to recover damages from the New York, Chicago, & St. Louis Rd. Co. for injuries claimed to have been sustained, while in employ of that company as a bridge carpenter. Negligence on part of the company was alleged: "In causing and permitting certain pipe to be carried upon said gasoline motor car, which pipe was not properly secured and part of which pipe fell from the front end of said gasoline motor car, causing said derailment". Excessive speed was also alleged.

This case was formerly tried and decided in favor of Biermacher in the Common Pleas and Court of Appeals. When it was taken to the Supreme Court the case was remanded for a new trial. Railroad v. Biermacher, 110 OS. 173. In the present action in the Common Pleas a verdict was directed for the Company upon the ground that under the decision of the Supreme Court the statement of counsel for Biermacher did not constitute a cause of action.

The Court of Appeals reversed the judgment, holding that the Supreme Court in its reversal in the original proceedings did not enter

## OHIO SUPREME COURT—Continued

final judgment in favor of the Railroad Company. The court first said: "It is significant that the Supreme Court did not enter final judgment in the case, although under the circumstances it had power to do so, but remanded it for a new trial."

It is contended by the Railroad Co. in the Supreme Court that the rights and liabilities of the parties are governed by the Federal Liability Act of 1908 and amendments, they being engaged in interstate commerce. It is claimed that under the Federal Act the employe assumes (1) the usual and ordinary risks incident to his work and (2) extraordinary risks incident to his employment and risks due to negligence of employer and fellow employes when obvious or fully known and appreciated by him.

Assumption of risk, it is claimed is a bar to the action in a case governed by the Federal Employers' Liability Act and does not, like contributory negligence, operate merely in reduction of damages; and Biermacher under the Federal Act was presumed to know and is presumed to appreciate the danger of the risk thus suggested.

It is also claimed, that the assertion in the petition that "one of the employes of the railroad company failed to exercise ordinary care in reference to that piece of pipe", is nothing but a bald legal conclusion unsupported by any statement of operative facts." It is further claimed that "The mere averment of a legal conclusion states no right or defense, calls for no responsive pleading, is not admitted by a failure to deny, or by pleading in avoidance, and will not admit evidence or sustain a judgment."

Attorneys—Tolles, Hogsett, Ginn & Morley for Company; Anderson, Lamb & Marsteller, for Biermacher; all of Cleveland.

### No. 647
### NICHOLAS v. REEVES MFG. CO.
No. 19175. Supreme Court
On motion to certify. Dock. May 28, 1925; 3 Abs. 359.

631. INDUSTRIAL COMMISSION—Should transcript of record and proceedings be offered to jury in case that has been appealed from finding of Industrial Commission?

This case was originally heard before the Industrial Commission on claim of Minnie Nicholas for an award from the Reeves Manufacturing Co., a self insurer, for the death of her husband as a result of injuries sustained in the coure of his employment by the company.

The Commission made a finding for the Company and the case was appealed to the Tuscarawas Common Pleas Court on a transcript of the proceedings had before the commission, according to 1465-90 GC., and a verdict was rendered for Nicholas. This decision was taken to the Court of Appeals on error where the company claimed that the bill of exceptions did not contain a duly certified transcript of proceedings had before the Industrial Commission. The court after an agreed statement was made by both parties as to the contents of the bill of exceptions, reversed the judgment of the common pleas.

Nicholas in taking the case to the Supreme Court contends that the Court of Appeals reversed the lower court's judgment presumably became no duly certified transcript of the record and proceedings had before the Industrial Commission had been offered in evidence to the jury, as such, in its entirety without passing on any question raised by said company, and without entertaining any argument from either side as to any such question.

It is further contended that part of the charge to the jury in which the court said: "The evidence in this case consists of that which has been read to you and in your hearing from the record before the Industrial Commission," should set at rest all contention as to the nature of the evidence offered to the jury at the trial.

It is claimed that under holding of the Court of Appeals if it is sustained plaintiff in error could do nothing but return to the Common Pleas Court, gather up the entire record from the Industrial Commission, and offer it to the jury in toto, without regard to its competancy, relevancy or other value as "evidence" upon the issues presented.

The question presented is: "Should Nicholas have taken the entire transcript of the proceedings before the Commission on file in the case and after having it marked in its entirety for identification as an exhibit, offered it to the jury in toto?" and not having done so, has error intervened prejudicial to the Company's rights because a theory of procedure was adopted at the trial which was satisfactory to and followed by both sides without objection or exception as shown by the record?

Attorneys—Mitchell & Mitchell for Nicholas; Wilkin, Fernsell & Fisher for company; all of New Philadelphia.

### No. 648
### COLUMBUS RY. P. & L. CO. v. THOMAS et.
No. 19173. Supreme Court
On motion to certify. Dock. May 28, 1925; 3 Abs. 359.

225. CHARGE TO JURY—1. In a personal injury case, is it error for court to refuse to charge that there was no law or ordinance, that making it negligence per se, to fail to sound bell or gong on approach of car to street crossing?

2. Must jury be restricted to a compensatory damage award?

3. Duty of court to state to jury issues of fact, and instruct separately as to each.

Margaret Thomas, by her next friend, Evans, brought a suit in the Franklin Common Pleas against the Columbus Railway Power & Light Co. for damages for personal injuries sustained by reason of the automobile in which she was riding coming into collision with an electric car operated by the Company.

The negligence charged in Thomas' petition was (1) that the Company saw, or in exercise of reasonable care could have and should have seen the automobile in time to avoid the collision, (2) car was operated at excessive rate of speed, (3) that there was a failure to keep a vigilant lookout ahead, (4) failure to sound gong or give warning of car's approach to the street intersection where collision occurred, (5) failure to keep car under control, (6) failure to give warning and stop car upon first appearance of danger. Negligence was denied by the Company. The Common Pleas judgment was for Thomas and it was affirmed by the Court of Appeals.

The Company takes the case to the Supreme

Court and claims that the trial court erred in not giving certain requested charges, and in holding that they were sufficiently covered by another charge. It is also claimed the court erred in refusing to give an instruction in which is was set forth that there was no statute or ordinance making the failure to sound the gong or bell at the approach of a street crossing, negligence per se. It is contended the court erred in failing to separate and define the issues; also that the general charge of the court did not meet the requirements of the rule prescribed by the court in construing 11447 GC, Bx O. U. Lockwood, 72 OS. 586 and 109 OS. 125.

It is further contended that all Thomas was entitled to was compensatory damage, and failure of the court in its charge to restrict the award of damages constituted error.

Attorneys—Johnson, Sharp, Schooler & Toland for Company; F. S. Monnett for Thomas; all of Columbus.

---

No. 649
MYERS v. STATE
No. 19195. Supreme Court
On motion to certify. Dock. June 10, 1925; 3 Abs. 386.

1235. VERDICT—In misdemeanor cases, where imprisonment may be part of the punishment, may Court positively direct jury to return verdict of guilty?

A complaint was filed with the Mayor of Chillicothe charging that Earl Myers on Sept. 21, 1924, said day being Sunday, unlawfully and purposely exhibited to the public a moving picture show. Myers was held to the Ross Common Pleas, under bond.

An indictment was returned charging Myers with the same offense as contained in the complaint. On trial, a motion was made by the State, at the end of all the testimony to direct a verdict of guilty. Over objection of Myers the motion was sustained and the jury had submitted to them, by the Court, but one form of verdict, namely the verdict finding Myers guilty. This judgment was affirmed by the Court of Appeals.

The question to be determined is whether or not the trial court, in a misdemeanor case where imprisonment may be a part of the punishment, has the power positively to direct verdict of guilty over objection of defendant.

It is contended that "the jury cannot be directed to render a verdict of guilty, no matter how convincing the evidence may be, even where the facts are submitted or settled beyond any possibility of dispute. The constitutional right of the accused to have his guilt or innocence determined by a jury of his peers, can not be denied by the arbitrary exercise of the judicial power."

It is claimed that where imprisonment may be imposed as punishment for commission of an offense, the accused is entitled to a trial by jury; and the fact that such imprisonment was not included in the sentence of the court does not affect the right of accused to a jury trial.

It is contended that the court had no authority to grant a new trial if the jury rendered an acquittal, yet the court by positive direction to the jury to return a verdict of guilty did more than it had a right to do had the jury rendered a verdict for acquittal.

Attorneys—Garrett S. Claypool and W. W. Boulger for Myers; W. N. McKenzie, Pros. Atty. and John P. Phillips for State; all of Chillicothe.

---

No. 650
STATE ex v. KINKEAD et
No. 19204. Supreme Court
IN PROHIBITION.

681. JURISDICTION—Where Common Pleas Court has issued an order and decree concerning custody, support, etc. of minor children and has certified the said order to the Juvenile Court; may it subsequently revoke said order and enter another, changing the meaning and purport of its first order?

Edgar B. Kinkead and others are duly elected, qualified, and acting judges of tre Franklin Common Pleas. It is alleged in the petition of Maude Wade upon whose relation the State brings this action, that on August 20, 1924 in the Franklin Common Pleas a divorce was decreed under which she was given care, custody, control and education of two minor children and the defendant in said divorce proceeding, Claude Wade was ordered to pay for the support and maintenance of herself and said minor children $65 per month to be reduced to $50 per month in two and one-half years. This order was then certified to the Franklin Juvenile Court for further proceedings.

On Jan. 16, 1925, the Court of Common Pleas entered a decree concerning the custody of the minor children, revoked the order of August 20, 1924, and ordered said minor children placed in custody of their paternal and maternal grandparents, both residing in Indiana; and provided that the custody should alternate between the paternal and maternal grandparents every six months period and ordered that Claude Wade pay to said grandparents the sum of $40 per month for support of said children.

Mrs. Wade, on Feb. 6, 1925 moved that this last order be set aside and vacated, because said court was without jurisdiction to hear and determine the matter of the custody and support of the minor children. This motion was overruled.

Maude Wade filed a petition in the Supreme Court and contended, that the Common Pleas had no jurisdiction to make said order and decree of Jan. 16, 1925 for the reason that on the first order and decree it had certified said matters to the Juvenile Court, and under 8034-1 GC. to custody and support of said minor children upon such certification all matters relative were vested exclusively in the Juvenile Court.

And it is further contended that the Court of Common Pleas exceeded its jurisdiction and authority by decreeing that said minor children be sent beyond the jurisdiction of the court, and beyond the limits of the State of Ohio, and placing them in custody of non-residents of the State.

Maude Wade prays that an order issue to said judges of the Franklin Court of Common Pleas restraining and prohibiting them from carrying out or enforcing said orders and decrees so made on Jan. 16, 1925.

Attorneys—James C. Nicholson for Wade; Columbus.

## STATE SUPREME COURT—Continued

Ziegler and others would be very seriously damaged by the vacation, and that they had no knowledge of the proceeding until long after the order was made by the county commissioners. Judgment affirmed.

**Attorneys**—Southard, Rowe, & Williams, Harry S. Commager, Asst. Pros. Atty. for Davis et; John P. Manton for Ziegler et; all of Toledo.